# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHARON SHUMAN,** | **Civil Action No. 09-3982 (FLW)** |
| **Plaintiff,** | |
| **v.** | **REPORT & RECOMMENDATION** |
| **FREEHOLD TOWNSHIP et al.,** | |
| **Defendants.** | |

**BONGIOVANNI, Magistrate Judge**

Pending before the Court is Defendants Freehold Township, Freehold Township Police Department, William M. Gallo, Thomas J. McGowan and Frank Mount's (collectively, "Defendants") Motion for Sanctions and Dismissal [Docket No. 62] pursuant to FED.R.CIV.P. 37(b) based on *pro se* Plaintiff Sharon Shuman's ("Plaintiff") failure to comply with this Court's Orders.  The Court has fully reviewed and considered the papers submitted in support of and in opposition to Defendants' Motion, and considers Defendants' Motion without oral argument pursuant to FED.R.CIV.P. 78.  For the reasons set forth more fully below, the Court respectfully recommends that Defendants' motion be GRANTED and that the Plaintiff's case be dismissed.

## BACKGROUND

The parties are familiar with the background of this matter and therefore it shall not be repeated here at length. On August 10, 2009 Plaintiff filed a Complaint [Docket Entry No. 1] with this Court against Defendants, alleging, among other things, that Defendants violated Plaintiff's constitutional rights under 42 U.S.C. § 1983. Specifically, Plaintiff alleged that the conduct of P.O. Mount, P.O. Gallo and Lt. McGowan – all police officers with the Freehold Township Police Department – in placing Plaintiff under arrest on the morning of August 10,

2007 amounted to excessive force [*Id.* at *6]. On September 13, 2010 this Court entered a Pretrial Scheduling Order [Docket Entry No. 23] with a factual discovery deadline of December 31, 2010. The Court subsequently amended the discovery deadline to March 3, 2011 [Docket Entry No. 30].

The allegations in Plaintiff's Complaint render several aspects of her medical background relevant to the instant action. Nevertheless, a dispute arose between Plaintiff and Defendants regarding what information Plaintiff was obliged to provide in discovery. The Court addressed the parties' discovery dispute in an Order dated March 11, 2011 [Docket Entry No. 36]. In that Order, the Court required Plaintiff to sign multiple Health Insurance Portability and Accountability Act ("HIPAA") authorizations. The Court further required Plaintiff to produce documents related to her relevant personal information and medical history and to provide an explication and itemization of her alleged economic damages. In addition, Plaintiff was given a deadline for the submission of any expert reports and was ordered to provide responses to Defendants' interrogatories. In light of Plaintiff's *pro se* status, the Court attempted to make the March 11, 2011 Order as clear as possible by going item by item through the deficiencies identified by Defendants and Plaintiff's responses thereto and inserting Its rulings and the deadlines for Plaintiff's compliance with same directly on the parties' submission. The Court also informed Plaintiff of the consequences of failing to comply with Its Order. For example, the Court specifically informed Plaintiff that failure to timely provide the required HIPPA authorizations could result in the imposition of sanctions, including her medical records being rendered inadmissible [Docket Entry No. 36 at 22].

2

On March 23, 2011, Plaintiff was granted an extension of time to comply with the Court's March 8, 2011 Order [Docket Entry No. 37].  Despite this extension, Plaintiff did not respond as required by the Court's Order.  As a result, on April 19, 2011, the Court conducted an on the record telephone conference to give Plaintiff a final opportunity to comply with the March 8, 2011 Order and meet her discovery obligations.  During the April 19, 2011 telephone conference, the Court again stressed that failure to provide the Court-ordered discovery could result in the imposition of sanctions, including being precluded from pursuing her damages claim.  The Court further informed Defendants that if Plaintiff failed to provide them with the required discovery, they could move for sanctions after March 5, 2011.

Dissatisfied with Plaintiff's response, on June 24, 2011 Defendants moved for sanctions and dismissal of Plaintiff's Complaint [Docket Entry No. 44].   On September 16, 2011, the Court conducted a hearing on Defendants' Motion for Sanctions and Dismissal.  Despite having already given Plaintiff a final warning concerning her failure to comply with the March 11, 2011 Order and despite the fact that Plaintiff still had failed to comply with the entirety of that Order, the Court denied Defendants' motion without prejudice.  The Court again informed Plaintiff that she was required to sign the HIPPA authorizations and to answer Defendants' interrogatories. The Court again also stressed that Plaintiff's failure to promptly provide the Court-ordered discovery could result in the imposition of sanctions.  Further, the Court informed Defendants that if Plaintiff failed to provide complete discovery responses as required by Its Orders, then Defendants could re-raise their Motion for Sanctions and Dismissal.

On October 7, 2011, Defendants submitted an informal letter request to the Court, informing the Court that Plaintiff had still failed to execute the eight HIPPA authorizations served on her and asking the Court to dismiss Plaintiff's claim for damages.  The Court denied Defendants' request, but informed Plaintiff that if Defendants did not receive the HIPPA releases by November 1, 2011, then Defendants' request for sanctions, including dismissal of Plaintiff's claim for damages, would be considered [Docket Entry No. 57].

On January 6, 2012, Defendants submitted its current Motion for Sanctions and Dismissal [Docket Entry No. 62].  Thereafter, Plaintiff requested an extension of time to respond to Defendants' motion.  That request was granted on January 31, 2012 and Plaintiff was given until February 27, 2012 to file her opposition [Docket Entry No. 65].  On February 27, 2012, Plaintiff timely filed said opposition.

To date, despite have being given over a year to do so, Plaintiff has still failed to sign all of the required HIPAA authorizations, produce all of her relevant medical records and respond to Defendants' interrogatories as required by the March 11, 2011 Order.  Further, Plaintiff has additionally failed to comply with the Court's subsequent Orders, which again required Plaintiff to produce the discovery outlined in the initial March 11, 2011 Order.  The Court notes that no appeals of Its Orders were ever filed by Plaintiff.

<u>Analysis</u>

The Federal Rules of Civil Procedure authorize courts to impose sanctions up to and including dismissal for failure to respond to court orders.  *See* FED.R.CIV.P. 37(b)(2), 41(b).  In *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit identified

six factors for courts to balance when deciding whether to impose an involuntary order of dismissal.  The *Poulis* factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure [to comply with Court orders]; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868.  No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met.  *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).  If a court finds dismissal appropriate under *Poulis*, then Federal Rule of Civil Procedure 37(b)(2)(A) authorizes such dismissal in cases where a party "fail[s] to obey an order to provide or permit discovery." *Shahin v. Delaware*, 345 F. App'x 815, 816-17 (3d Cir. 2009).  Therefore, this Court shall consider and apply each of the six *Poulis* factors.

**1. Plaintiff's Personal Responsibility.**  Here, Plaintiff is solely responsible for her failure to comply with this Court's Orders.  Plaintiff personally chose to ignore this Court's numerous instructions to sign the HIPAA authorizations, produce the requisite documents and respond to Defendants' interrogatories.  Separate written Orders directing Plaintiff to provide discovery were issued on March 11, 2011 and  October 11, 2011.  Further, Plaintiff was additionally instructed to provide discovery during the April 20, 2011 telephone conference and September 15, 2011 motion hearing.  Despite being given multiple opportunities to comply with this Court's March 11, 2011 Order and despite being warned on several occasions that sanctions

could issue if she failed to comply, Plaintiff failed to meet her Court-ordered discovery

obligations.  This failure is attributable to no one but Plaintiff.

The Court notes that Plaintiff blames a large part of her failings on the fact that she is

proceeding *pro se* and is not an attorney.  The Court, however, has already determined on four

separate occasions that the appointment of *pro bono* counsel is not warranted under the *Tabron*

factors.  *See Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993).  Moreover, in denying Plaintiff's

request for the appointment of counsel, the Court specifically considered Plaintiff's ability to

comply with the Court's March 11, 2011 Order and found that the discovery sought by

Defendants, which the Court ordered Plaintiff to provide, was "straight forward and

uncomplicated." (March 23, 2011 Order at 3; Docket Entry No. 37 at 3).  As a result, the Court

finds that Plaintiff's *pro se* status in no way diminishes her personal responsibility for failing to

provide the Court-ordered discovery to Defendants.  The Court further finds Plaintiff's claims

that she complied with the Court's Orders to the best of her ability to be without merit.  As the

Court previously determined, the discovery Plaintiff was ordered to provide was "straight

forward and uncomplicated."  (*Id*.)  Nevertheless, Plaintiff still failed to provide same.

**2.  Prejudice to Defendants.**  Plaintiff's refusal to comply with this Court's Orders has

significantly prejudiced Defendants.  Plaintiff initiated this action.  In response, Defendants have

filed an Answer, participated in multiple telephone conferences, produced discovery, propounded

discovery requests and filed numerous motions in an attempt to obtain pertinent information

from Plaintiff that the Court ordered Plaintiff to provide.  Defendants have expended substantial

time and resources participating in this ligation and attempting to prepare their defense in this

matter.  Much of the information required by Defendants to evaluate Plaintiff's allegations and

construct their defense is solely within Plaintiff's possession, custody and control and only Plaintiff has the ability to produce same or authorize its release.  The fact that Plaintiff has failed to produce basic information such as the HIPPA authorizations and information to support her damages claim is extremely prejudicial.  Defendants simply cannot defend this matter without access to same.  What is more is that Plaintiff has failed to provide this information, despite being ordered by the Court to do so, and her failure has forced Defendants to spend significant resources on what has effectively turned into an extremely costly wild goose chase.  The Court finds that the prejudice caused by Plaintiff's actions supports the dismissal of her case.  *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984) (finding that examples of prejudice include "excessive and possibly irremediable burdens or costs imposed on the opposing party.")

    **3.  History of Dilatoriness.**  Plaintiff has a year-long history of dilatoriness. Plaintiff ignored this Court's March 11, 2011 Order to sign and/or produce the appropriate documents and respond to interrogatories. After repeated extensions, Plaintiff also ignored the Court's directives issued during the April 20, 2011 telephone conference and September 15, 2011 motion hearing, both of which required Plaintiff to produce the discovery outlined in the March 11, 2011 Order. Plaintiff additionally ignored this Court's Order of October 11, 2011 and to date still has not complied with the Court's directives.  Plaintiff's inaction in this regard further supports the dismissal of her claim.

    **4.  Willfulness or Bad Faith.**  The Court will not conclude that Plaintiff has proceeded in bad faith.  However, the Court finds that Plaintiff's conduct has been willful.  In Its March 11, 2011 Order, the Court provided Plaintiff with explicit instructions regarding what discovery she was required to provide.  Indeed, as noted above, the Court went item by item through the

deficiencies identified by Defendants and Plaintiff's responses thereto and actually hand-wrote

Its rulings on the parties' submission.  Despite this specificity, Plaintiff has remained

unresponsive: failing to sign the HIPAA authorizations provided by Defendants, failing to

produce relevant medical records and other documents and failing to respond to Defendants'

interrogatories.  The circumstances of this case establish that Plaintiff's aforementioned failures

were willful and, when taken as a whole, provide further support for the dismissal of Plaintiff's

case.

   **5. Effectiveness of Alternative Sanctions.**  The record of Plaintiff's unresponsiveness

to this Court's Orders suggests that alternative sanctions would be futile.  Despite numerous

chances and despite several warnings of the consequences of her continued inaction, Plaintiff has

failed to produce the discovery required by this Court's Orders.  On these facts, the Court finds

that no lesser sanction would be effective.  *See Pik v. Univ. of Penn.*, No. 11-3260, 2012 WL

51656, *3 (3d Cir. Jan. 10, 2012).

   **6. Meritoriousness of the Claims.**  The Court is unable to determine the

meritoriousness of Plaintiff's claims.

   In sum, Plaintiff has repeatedly ignored this Court's Orders requiring her to comply with

her discovery responsibilities. Plaintiff is personally responsible for failing to comply with her

Court-ordered discovery obligations and the Court finds Plaintiff's failure in this regard to be

nothing short of willful.  Plaintiff's failure to provide discovery has significantly prejudiced

Defendants, forcing them to unnecessarily expend substantial resources pursuing information that

Plaintiff was obligated to provide and preventing them from adequately forming a defense to

Plaintiff's claims.  In light of Plaintiff's repeated willful failures and the prejudice these failures

**8**

have inflicted on Defendants, the Court finds that no sanction but dismissal will be effective here.  As a result, the Court recommends that Plaintiff's claims be dismissed.

## CONCLUSION

The Court having considered this matter pursuant to FED.R.CIV.P. 78 and having considered the *Poulis* factors;

IT IS on this 5ᵗʰ day of April, 2012,

RECOMMENDED that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to FED.R.CIV.P. 37(b); it is further

ORDERED that the Clerk of the Court administratively terminate Defendants' Motion for Sanctions and Dismissal [Docket No. 62], pending the District Court's acceptance, rejection or modification of the instant Report and Recommendation; and it is further

ORDERED that the Clerk of the Court activate the instant Report and Recommendation so as to indicate that it requires further action by the District Court.

**Parties are advised that pursuant to FED.R.CIV.P. 72(b)(2), they may file an objection to the disposition recommended herein within 14 days of being served with a copy of this Report and Recommendation.**

      s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

9